UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ALVIN DAVIS, | ) |
| Plaintiff, | ) |
| | ) No. 5:24-CV-262-REW-MAS |
| v. | ) |
| | ) OPINION & ORDER |
| SOUTHEASTERN FREIGHT LINES, | ) |
| INC., BRIAN SCHREADER, and | ) |
| KEVIN KIPER, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Alvin Davis initiated the present suit against Defendants Southeastern Freight Lines, Inc., Brian Schreader, and Kevin Kiper, alleging, it seems, violations of the Americans with Disabilities Act (ADA), Title VII, the Kentucky Civil Rights Act (KCRA), and various state law tort claims. *See* DE 26 (First Am. Comp.). This matter is before the Court on Defendants Brian Schreader's and Kevin Kiper's Motion to Dismiss Plaintiff's First Amended Complaint (DE 30) and Plaintiff's Motion for Leave to File a Second Amended Complaint (DE 35). The motions are fully briefed, and then some. For the reasons set forth below, the **Court GRANTS in part** and **DENIES in part** DE 30 and **DENIES** DE 35.

**I.   Background**

   ***a.   Factual Background***

Drawing from the allegations of the pleading: Alvin Davis was hired by Southeastern Freight Lines in June 2022. *See* DE 26 ¶ 7. On July 19, 2023, as Davis was unloading freight inside a trailer, Davis's supervisor, Kevin Kiper, intentionally closed the door of the trailer in which Davis was working, locking him inside. *See id.* ¶ 11. Because there was no interior door handle,

Davis could not immediately exit. *See id.* ¶ 12. This sent Davis into a panic where he "blacked out," but he was eventually able to pry the door open on his own. *See id.* at ¶ 13-14.

This incident triggered prior trauma stemming from Davis's childhood involving instances where Davis's cousin would lock Davis and his brother in a closet while the cousin molested Davis's sister. *See id.* ¶ 14-15. Consequently, Davis has experienced a collection of allegedly resulting psychological and medical symptoms. *See id.* ¶ 16. In addition to this event, throughout his employment, Davis claims to have endured more generalized harassment, hostility, and unfair workplace treatment on account of his race and perhaps his disability. *See id.* ¶ 8-10. Specifically, Southeastern Freight Line refused to ensure Davis had access to appropriate breaks or lunch, *see id.* ¶ 28, and Davis was not given fair treatment with respect to terms, scheduling, or workload. *See id.* ¶ 34.

As a result of the trailer incident and the workplace hostilities, Davis began taking medication and attending therapy. *See id.* ¶ 19. Davis was granted leave under FMLA on October 23, 2023, due to his reported psychological and medical issues. *See id.* ¶ 20. Purportedly, despite Davis's health provider, Kristina Cox, verifying his need for leave extensions, Southeastern Freight Lines required Davis to explain each request. *See id.* ¶ 21. By August 2024, Davis was no longer given work. *See id.* ¶ 65. On January 17, 2025, Davis's employment at Southeastern Freight Lines was formally terminated. *See id.* ¶¶ 23; 65.

### b. *Procedural Background*

Davis initiated the present action on August 26, 2024, in Fayette Circuit Court. *See* DE 1 (Notice of Removal) ¶ 1. Southeastern Freight Lines, the lone Defendant at the time, removed to the Eastern District of Kentucky. *See generally id.* Davis later, with leave, filed his First Amended Complaint. *See* DE 26. The First Amended Complaint, which added Defendants Kiper and

Schreader, asserts violations of the ADA (Count I), the KCRA (Count II), retaliation in violation of the KCRA and Title VII (Count III), and claims of false imprisonment (Count IV), intentional infliction of emotional distress (Count V), negligent supervision and retention (VI), retaliation again (Count VII), and vicarious liability (second Count VII). *See id.* Of note, the First Amended Complaint did not specify what count(s) apply to what defendant(s). On June 17, 2025, Southeastern Freight Lines answered, denying all substantive inculpatory allegations and asserting various affirmative defenses. *See* DE 29.

On June 30, 2025, Kiper and Schreader moved the Court to dismiss all claims against them under Rule 12(b)(6). *See* DE 30. Southeastern Freight Lines filed a response to Kiper's and Schreader's motion, seeking to join the motion concerning some claims and seeking its own dismissal for the claim of vicarious liability. *See* DE 33. In the same response, Southeastern Freight Lines alternatively sought judgment on the pleadings under FED. R. CIV. P. 12(c) as to the listed claims. *See id.*

On July 21, 2025, Davis responded to the motion to dismiss and, on the same day, moved the Court for leave to once again amend the complaint, seeking to add a single substantive factual assertion relating to his false imprisonment claim. *See* DE 34; DE 35. Over the course of the next month, the parties filed several prolix responses and replies arguing the merits of the pending motions. *See* DE 36-41. The matter is fully briefed and ripe for review.

II.     **Legal Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Yet, courts need not accept "legal conclusion[s] couched as [] factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Where a plaintiff states "simply, concisely, and directly events that . . . entitle[] [her] to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement." *Id.*; *see El-Hallani v. Huntington Nat'l Bank*, 623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low.").

After the expiration of the period to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). The Sixth Circuit has a liberal policy of permitting amendments. *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004). Nevertheless, denial of leave to amend a pleading is proper when amendment would be futile. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182-83 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

4

### III.   Analysis

Before reaching the merits of the motion to dismiss and motion for leave to amend, the Court addresses the unusual procedural action taken by Southeastern Freight Lines. Southeastern Freight Lines purports to join Kiper's and Schreader's dismissal motion, seeks dismissal of the vicarious liability claim in its entirety, and, alternatively, seeks judgment on the pleadings under Rule 12(c). *See* DE 33 at 1. Instead of making a motion for this relief, as contemplated by Rule 12 and required by Local Rule 7.1, Southeastern Freight Lines seeks the requested relief through its response to its co-Defendants' motion. *See generally id.*

The Court strongly discourages this procedure. "A *motion* must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." LR 7.1(a) (emphasis added). Davis notes his objection to this attempt to "circumvent the normal procedural rules for filing a dispositive Motion to Dismiss under Rule 12." *See* DE 31 at 1. Nevertheless, Davis's response addresses the substantive arguments made by Southeastern Freight Lines regarding its requested relief. Therefore, before the Court is a full record of the parties' arguments and legal theories, so, despite the defective procedural step, the Court is suited to rule on the requested relief in its entirety. Southeastern should not repeat the imbedded motion tactic.

   a.   *Title VII & KCRA*

Kiper and Schreader argue that their status as Davis's co-workers precludes them from liability under Title VII. *See* DE 30 at 3. Title VII prohibits employers from discriminating on a variety of protected traits. *See* 42 U.S.C. § 2000e-2(a). An employer is a "person…who has fifteen or more employees, and any agent of such a person…" *See id.* § 2000e(b). "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Davis agrees

5

that dismissal of the counts based on Title VII as to the individual defendants is proper, including the Title VII retaliation claim in Counts III and VII. *See* DE 34 at 8.

For like reasons, Kiper and Schreader argue for KCRA dismissal. *See* DE 30 at 3-4. The KCRA mirrors Title VII. *Wathen*, 115 F.3d at 405. The Sixth Circuit has thus, as to discrimination, found the rule above precluding employee/co-worker liability under Title VII "equally applicable" to the KCRA. *Id.* "[U]nder the Kentucky Civil Rights Act, discriminatory actions by individuals acting in their official capacities as agents of their employer do not create individual liability." *Effinger v. Philip Morris, Inc.*, 984 F. Supp. 1043, 1046 (W.D. Ky. 1997) (quoting *Winston v. Hardee's Food Sys., Inc.*, 903 F. Supp. 1151, 1155 (W.D. Ky. 1995)). Davis agrees that dismissal of the counts based on the KCRA as to the individual defendants is proper, except with respect to retaliation under the KCRA, set forth in Counts III and VII and discussed below. *See* DE 34 at 8.

Davis argues that the KCRA retaliation provision contemplates a broader category of potentially liable parties. *See* DE 34 at 4. The Sixth Circuit held that the retaliation provision of the KCRA does not mirror Title VII's retaliation provision. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000). The KCRA forbids a person, or two or more persons, from retaliating, *see* KY. REV. STAT. ANN. § 344.280(1) (West 2025), and the term "person" includes "one or more individuals." *See id.* § 344.010(1). Contrast to 42 U.S.C. § 2000e-3, which only prohibits employers from retaliating. "The Kentucky retaliation statute plainly permits the imposition of liability on individuals." *Morris*, 201 F.3d at 794; *see Brooks v. Lexington-Fayette Urban Cnty Hous. Auth.*, 132 S.W.3d 790, 808 (Ky. 2004) (finding persuasive the *Morris* holding that individuals can be held liable for unlawful retaliation under the KCRA, though the issue was moot).

6

An unlawful retaliation claim requires the plaintiff to show (1) he engaged in a protected activity, (2) he was disadvantaged by an act of her employer, and (3) there was a causal connection between the activity engaged in and the defendant's act. *Charalambakis v. Asbury Univ.*, 488 S.W.3d 568, 583 (Ky. 2016). The allegations set forth in Davis's First Amended Complaint, though imperfect, "allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Accordingly, the Court dismisses Counts II and the portion of Counts III and VII (Retaliation) relating to retaliation under Title VII of the First Amended Complaint as to Defendants Kiper and Schreader.

### b. ADA

Kiper and Schreader argue that their co-worker status also precludes individual liability under the ADA. *See* DE 30 at 3. The ADA prohibits "covered entities" from discriminating on the basis of disability regarding employment related matters. *See* 42 U.S.C. § 12112(a). A covered entity means "an employer, employment agency, labor organization, or joint labor-management committee." *See id.* at § 12111(2). This list plainly does not include employees or co-workers, and Sixth Circuit caselaw confirms this view. *See, e.g., Post v. Trinity Health-Michigan*, 44 F.4th 572, 577 (6th Cir. 2022). Davis agrees that Kiper and Schreader cannot be held liable under the ADA. *See* DE 34 at 8. Accordingly, the Court dismisses Count I of the First Amended Complaint as to Defendants Kiper and Schreader.

### c. False Imprisonment

Defendants argue that Davis's false imprisonment claim should be dismissed because it is time-barred. *See* DE 30 at 7. The statute of limitations for a false imprisonment claim is one year. *See* KY. REV. STAT. ANN. 413.140(1)(a) (West 2025); *Dunn v. Felty*, 226 S.W.3d 68, 70 (Ky. 2007) (applying KRS 413.140(1)(a) to a claim of false imprisonment). A tort cause of action accrues,

7

and the statute of limitations commences, when a wrongful act or omission results in damages; this is so even when the full extent of the injury is not then known or predictable. *See Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972); *see also Combs v. Albert Kahn Assocs., Inc.*, 183 S.W.3d 190, 194-95 (Ky. Ct. App. 2006) ("But once an individual realizes that he has been injured by the tortfeasor, his cause of action accrues, even if he does not yet realize the extent of his injury."). On July 19, 2023, Davis alleges Kiper locked him in the trailer. *See* DE 26 ¶ 11. On July 31, 2023, Davis received medical treatment for the psychological and medical symptoms he began experiencing, at least in part, as a result of the trailer incident. *See* DE 26-2 at 2. While the October 10, 2023, visit may have "opened his eyes" to the fact that his injuries may be more significant than originally thought, this does not change that his claim clearly accrued, at the latest, on July 31, 2023. In truth, the only reasonable construction of Davis's contentions is that he knew Kiper locked him in on July 19, and he knew he had panicked and "blacked out" on that day. A mere twelve days later, he was seeking medical care related to the event. Because the complaint was filed more than a year after the cause of action accrued, the false imprisonment claim is time-barred. The Court dismisses Count IV of the First Amended Complaint in its entirety.

Based on this analysis, the Court denies Davis's motion for leave to file a second amended complaint. The only new substance in Davis's proposed pleading is a paragraph stating the mental health treatment sought by Davis on October 10, 2023. *See* DE 35-2 ¶ 16. Because this factual allegation relates solely to the false imprisonment claim, which the Court has determined to dismiss under the statute of limitations, the amendment would be futile. That assertion, which only asserts deeper knowledge about the scope of injury, with no impact on the earlier known fact of injury, does not impact the accrual analysis. Therefore, denial is appropriate.

      d.   *Intentional Infliction of Emotional Distress*

Defendants argue that the claim for intentional infliction of emotional distress is preempted by the false imprisonment claim against the individual defendants and by the KCRA against Southeastern Freight Lines. *See* DE 30 at 7-8; DE 33 at 3. As to the individual defendants, Kentucky generally treats IIED as a "gap-filler" claim, which is not available when recovery for emotional distress can be claimed under a traditional tort. *See Childers v. Geile*, 367 S.W.3d 576, 582 (Ky. 2012) (citing *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298-99 (Ky. Ct. App. 1993). The trailer incident therefore cannot form the basis for an IIED claim because it gave rise to the more traditional false imprisonment claim. Davis does not plead other facts indicating conduct on the part of the individual defendants that was "outrageous and offended generally accepted standards of decency and morality." *See Littrell v. Bosse*, 581 S.W.3d 584, 588 (Ky. Ct. App. 2019). Likewise, his statutory retaliation theory preempts any claim for emotional distress that an outrage claim might otherwise have addressed.

The KCRA also preempts Davis's IIED claim against Southeastern Freight Lines. It is a "well-established principle that when a plaintiff prosecutes a statutory discrimination claim under the KCRA and a common law claim of IIED, the former preempts the latter." *McDonald's Corp. v. Ogborn*, 309 S.W.3d 274, 286 (Ky. Ct. App. 2009). Davis correctly notes that the claims can coexist when there is conduct supporting the IIED claim distinct from the conduct underlying the KCRA claim. *See Albakri v. STS Lab 2 LLC*, No. 2:22-CV-101, 2022 U.S. Dist. WL 17406502, at *6 (E.D. Ky. Dec. 2, 2022). However, this does not apply in the present case, as Davis has not pleaded allegations distinct from those underlying the KCRA claim to support an IIED claim. Indeed, directly within the Count III retaliation claim, Davis alleges "emotional distress." DE 26 ¶ 41. There simply are not standalone facts indicative of IIED.

Accordingly, Count V of the First Amended Complaint is dismissed in its entirety.

  *e.* **_Negligent Supervision and Retention_**

Kiper and Schreader argue that their status as co-workers requires dismissal of the negligent supervision and retention claim against them. *See* DE 30 at 6. "[A]n *employer* may be held liable for negligent supervision if he or she knew or had reason to know of the risk that the employment created." *Smith v. Norton Hospitals, Inc.*, 488 S.W.3d 23, 32 (Ky. Ct. App. 2016) (emphasis added). Davis purports to cite Kentucky caselaw holding that liability under this cause of action can be imposed on individuals as well as employers, but none of the cases actually hold as much.

Southeastern Freight Lines argues the negligent supervision and retention claim cannot stand against it because this claim is available only for third parties against employers, not for employees to assert against their employers. *See* DE 33 at 1. They also argue that dismissal is proper because the Kentucky Workers' Compensation Act preempts a claim of negligent supervision causing injury. Both theories are proper grounds for dismissal. *See Henn v. Pinnacle Pub., LLC*, No. 12-307-KSF, 2012 U.S. Dist. WL 6096670, at *3 (E.D. Ky. Dec. 7, 2012) (holding "[w]hile Kentucky courts have recognized the tort of negligent hiring and retention, those cases involved suits by third parties against an employer whose employee caused harm to someone they did not employ"); *see also Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 499 (6th Cir. 2016) (holding the KWCA provides the exclusive remedy when an employee is injured by her employer's negligent actions). The Court, on this record, finds dismissal apt.

Accordingly, Count VI of the First Amended Complaint is dismissed in its entirety.

  *f.* **_Vicarious Liability_**

Defendants assert that the vicarious liability claim should be dismissed. *See* DE 30 at 7; DE 33 at 4-5. Kiper and Schreader argue, and Davis agrees, that the doctrine of vicarious liability does not impose liability on employees for the actions of its employer or subordinates. *See*

10

*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 743, 745 (1998). The Court agrees. Southeastern Freight Lines argues the count should be dismissed because vicarious liability is not a separate cause of action. *See* DE 33 at 4-5; *see also Porter v. Sergent*, No. 5:19-455-KKC, 2020 U.S. Dist. WL 4495465, at *11 (E.D. Ky. Aug. 4, 2020). Davis concedes the accuracy of the proposition but maintains it should remain active for indecipherable reasons. Accordingly, the Court dismisses Count VII (Vicarious Liability) as a standalone tort. If the theory of liability pertains to any extant count, Davis can make the argument at the proper time.

### IV. Conclusion

For the foregoing reasons and on the terms stated, the Court:

1. **GRANTS in part** and **DENIES in part** DE 30. Specifically, the Court **DISMISSES** Counts I and II as against Defendants Kiper and Schreader; the Title VII retaliation claim of Counts III and VII (Retaliation) as against Defendants Kiper and Schreader; and Counts IV, Count V, VI, and VII (Vicarious Liability) as against all Defendants.[1] And

2. **DENIES** DE 35.

All other claims may proceed forward at this stage.

This the 22th day of September, 2025.



Signed By:
*Robert E. Wier*
United States District Judge

---

[1] The Court resolves also the imbedded motion within DE 33 on the terms of this Order.